## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**IRA GRAY,**

     Plaintiff,

v.                                                      Civil Action No. **3:11CV546**

**KENNETH STOLLE,** *et al.,*

     Defendants.

### MEMORANDUM OPINION

     Ira Gray, a Virginia prisoner proceeding *pro se*, filed this 42 U.S.C. § 1983[1] action in which he alleges Defendants[2] violated his rights under the First,[3] Fifth,[4] Eighth,[5] and Fourteenth Amendments[6] during his incarceration in the Virginia Beach Correctional Center "(VBCC").

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Defendants" here are Sheriff Kenneth Stolle, Corp. D Beavers, Catering By Marlin ("CBM"), and Conmed Healthcare Management Services ("Conmed"). Defendant Catharine Cartwright filed a Motion to Dismiss, which the Court addresses separately.

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[4] "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[6] Gray fails to identify which aspect of the Fourteenth Amendment Defendants violated. The Constitution provides: "No State shall . . . deprive any person of life, liberty, or property,

The action proceeds on Gray's Particularized Complaint ("Complaint"). (ECF No. 35.) The matter is before the Court on Defendants' Motions for Summary Judgment. Defendants provided appropriate *Roseboro*[7] notice. (ECF Nos. 46, 67.) Gray responded. (ECF No. 75.) The matter is ripe for judgment.

## I. SUMMARY OF CLAIMS

Gray complains of a variety of perceived injustices and alleges that most violate the Eighth and Fourteenth Amendments. Gray also contends that Defendants' actions or policies implicate the Fifth Amendment's Due Process Clause.[8] The Court generously construes the Complaint to argue entitlement to relief based upon the following claims:

Claim One: By charging Gray $3.00 a day for room and board, Defendant Stolle violated Gray's (a) Fourteenth Amendment right to due process, and (b) Eighth Amendment rights.

Claim Two: By not providing Gray with sufficient outdoor recreation or indoor exercise equipment, games, and television, Defendant Stolle violated Gray's (a) Eighth Amendment rights, and (b) Fourteenth Amendment right to due process.

Claim Three: By charging excessive prices in the Canteen, Defendant Stolle violated Gray's (a) Eighth Amendment rights, and (b) Fourteenth Amendment right to due process.

Claim Four: Defendant Stolle refused to allow Gray access to the law library in violation of Gray's Fourteenth Amendment right to due process.

Claim Five: Defendant Stolle refused to provide Gray with a "table to sit and eat, and or write" in violation of Gray's (a) Eighth Amendment

---

without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[7] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[8] Because Gray is a state prisoner, his Due Process claims fall under the Fourteenth Amendment not the Fifth Amendment. Gray's Fifth Amendment claims will be DISMISSED.

2

rights, and (b) Fourteenth Amendment right to due process. (Compl. ¶ 29.)[9]

Claim Six:    By failing to provide Gray with a religious diet, Defendants Beavers and Stolle violated Gray's (a) First Amendment rights, and (b) Fourteenth Amendment rights.

Claim Seven: By serving Gray "inadequate meals below the required safe temperature," Defendants Beavers, CBM, and Stolle violated Gray's (a) Eighth Amendment rights, and (b) Fourteenth Amendment rights. (Compl. ¶ 22.)

Claim Eight: By refusing to provide Gray with an eye exam and corrective lenses free of charge, Defendants Conmed, Stolle, and Cartwright violated Gray's (a) Eighth Amendment rights, and (b) Fourteenth Amendment rights.

Gray seeks injunctive relief and monetary damages.

In their Motions for Summary Judgment, Defendants fail to address all of Gray's claims. Specifically, Defendants address Claim Two strictly as a due process claim (Claim Two (b)), Claim Five strictly as an Eighth Amendment claim (Claims Five (a)), and fail to address Claim Six (b). For the reasons stated below, Claims One (a) and (b), Two (b), Three (a) and (b), Four, Five (a), Six (a) against Defendant Stolle, Seven (a) and (b), and Eight (a) and (b) fail to survive summary judgment. Claims Two (a), Five (b), and Six (b) are subject to summary dismissal under 28 U.S.C. § 1915(e)(2). Claim Six (a), however, survives summary judgment against Defendant Beavers.

## II.    STANDARDS OF REVIEW

### A.  Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the

---

[9] The Court corrects the capitalization and spelling in the quotations from Gray's submissions.

court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of their Motion for Summary Judgment, as pertinent here, Defendants Stolle, Beavers, and CBM submit:  (1) the affidavit of Stolle (Mem. Supp. Mot. Summ. J. (ECF No. 47) Ex. 1 ("Stolle Aff.")); (2) the affidavit of Beavers (*id.* Ex. 2 ("Beavers Aff.")); and, (3) the

4

affidavit of Carla Denis, the Assistant Director of CBM at VBCC (*id.* Ex. 3 ("Denis Aff.")). In support of its Motion for Summary Judgment, Defendant Conmed submits several declarations. (Mem. Supp. Mot. Summ. J. (ECF No. 68) Ex. A–C).

Gray provided the following pertinent evidence in opposition to the Motions for Summary Judgment: (1) a lengthy, unsworn Memorandum in Opposition (ECF No. 75) that attempts to spackle new facts and claims;[10] (2) a sworn declaration, (Pl's Opp'n Mem. (ECF No. 75) Ex. D-1 ("Gray Decl. I"));[11] and, (3) sworn declarations of eleven inmates (*id.* Ex. D-2 through D-12). The Court summarizes the relevant facts under the headings for each claim.

### B.    Preliminary Review Standard

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a

---

[10] To the extent Gray seeks to add claims in his Memorandum in Opposition (ECF No. 75), these claims will not be considered. *Speller v. Johnson,* No. 3:09CV463, 2012 WL 1038624, at *13 (E.D. Va. Mar. 27, 2012) (explaining that passing reference to new claims in a legal brief is insufficient to place claims before the Court).

[11] Gray submitted additional sworn declarations not cited herein. (*See* ECF Nos. 76-1, 86.)

plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint.

See *Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.   ANALYSIS

Because Gray cites the Eighth Amendment and the Fourteenth Amendment right to Due Process in most claims, the Court first sets forth the applicable law.

As discussed below, Gray states a viable First Amendment religious diet claim against Defendant Beavers in Claim Six (a).  Gray's remaining claims against Defendants will be dismissed.[12]

### A.    Applicable Law for Eighth Amendment and Procedural Due Process Claims

#### 1.    Eighth Amendment

To survive a motion for summary judgment on an Eighth Amendment[13] "cruel and unusual punishment" claim, Gray "must prove two elements: (1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  To satisfy the objective element of an Eighth Amendment claim, the deprivation complained of must be extreme and amount to more than the "'routine discomfort [that] is part of the penalty that criminal offenders pay for

---

[12] As discussed in a separate Memorandum Opinion and Order, Claim Eight regarding the denial of corrective eyewear survives the Motion to Dismiss filed by Defendant Cartwright. Cartwright did not join this Motion for Summary Judgment.

[13] Although Gray references the Fourteenth Amendment Due Process Clause in his Complaint, "it is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater *substantive* protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).  Thus, Gray's substantive due process claims are subsumed within his claim that Defendants violated the Eighth Amendment.  The Court sets forth the standard for Gray's procedural due process claims in Part III.A.2.

their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (some internal quotation marks omitted). Thus, Gray "'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions.'" *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to demonstrate that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837). Thus, to survive a motion for summary judgment under the deliberate indifference standard, a plaintiff "must show the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997)).

### 2.    Procedural Due Process

When a defendant is lawfully convicted and confined to jail, "he loses a significant interest in his liberty for the period of his sentence." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). The Due Process Clause applies only when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). In order to retain a liberty interest in avoiding a particular condition of confinement, Gray must establish that the confinement presents a "dramatic departure from the basic conditions of [his] sentence," *Sandin v. Conner*, 515 U.S. 472, 485 (1995), in that it imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

### B.    Gray's Eighth Amendment and Procedural Due Process Claims

### 1.    Excessive Fees (Claims One and Three)

Gray argues that Defendant Stolle violated his Eighth Amendment and Fourteenth Amendment[14] rights by charging him a fee of $3.00 a day for room and board and excessive prices for goods sold in the Canteen. Defendant Stolle correctly asserts that the allegations in Claims One and Three implicate no constitutional right. First, charging inmates for room and board to defray costs of incarceration fails to state an actionable constitutional claim under the Eighth or Fourteenth Amendments. *See Slade v. Hampton Road Reg'l Jail*, 407 F.3d 243, 251–

---

[14] To the extent Gray intends to raise a Fourteenth Amendment equal protection challenge to the levying of a room and board fee, Gray fails to make the threshold showing for an equal protection claim. Gray fails to allege, as he must, that similarly situated inmates are not charged the fee, and that the unequal treatment resulted from purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Thus, any equal protection challenge to the room and board fee will be SUMMARILY DISMISSED.

53 (4th Cir. 2005) (finding no actionable constitutional claim from charging pretrial detainee room and board fee). The VBCC's imposition of a room and board fee amounts to neither cruel nor unusual punishment under the Eighth Amendment. *Waters v. Bass*, 304 F. Supp. 2d 802, 807–08 (E.D. Va. 2004).[15] Nor does the VBCC's deduction of the room and board fee violate Gray's right to procedural due process. *Slade*, 407 F.3d at 253; *Waters*, 304 F. Supp. 2d at 811. Gray fails to establish a claim for relief under the Eighth and Fourteenth Amendments. Accordingly, Claims One (a) and (b) will be DISMISSED.

For the same reasons, Gray's challenge to the price of goods in the Canteen must fail. Inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other goods in the prison Canteen at the lowest price possible. *See Collins v. Virginia*, No. CIVA 7:06CV00326, 2006 WL 1587467, at *1 (W.D. Va. June 6, 2006) (citations omitted). Nor can Gray establish that the prices charged for goods in the Canteen amount to excessive fines imposed as punishment for a criminal offense or cruel and unusual punishment under the Eighth Amendment. Claims Three (a) and (b) will be DISMISSED.

### 2.   Recreation

In Claim Two, Gray alleges that Defendant Stolle has denied him "an opportunity for fresh-open-air recreation/exercise . . . . [T]here [is] no recreational or exercise equipment . . . provided" and the television viewing is "available from nine a.m. [until] eleven p.m. however, viewing is interrupted twice daily for two hours, so that advertisements for bailbondsmen [sic] and legal services may run." (Compl. ¶ 3.) In response, Defendant Stolle explains that in the A

---

[15] Assuming, *arguendo*, that Gray challenges the fee as an unconstitutional fine under the Excessive Fines Clause of the Eighth Amendment, Gray fails to state a claim for relief. *Waters*, 304 F. Supp. 2d at 808–09 (holding that Virginia jail's room and board fee does not violate the Excessive Fines Clause because it is neither a "fine" or punishment for any criminal offense, nor "excessive").

Wing of the VBCC, "staff escorts inmates to the indoor or the outdoor recreation yard," and the C Wing has indoor recreation yards. (Stolle Aff. ¶ 6.)[16]

Defendants construe Gray's claim as a denial of procedural due process. To the extent that Gray argues that Defendant Stolle's denial of sufficient outdoor recreation and equipment, and interruption of television viewing deprived Gray of a liberty interest, Gray fails to make a sufficient showing. Contrary to Gray's assertions, his complaints about his particular conditions of confinement fail to establish an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," and consequently, his complaints warrant no constitutional protection. *Sandin*, 515 U.S. at 485. Gray possesses no liberty interest in outdoor recreation, exercise equipment and games, or watching television. *See Conn v. Stolle*, No. 1:11cv758 (CMH/TCB), 2011 WL 3321136, at *3 (E.D. Va. July 29, 2011) (citations omitted). Accordingly, Gray fails to establish that Defendant Stolle violated his due process rights and summary judgment will be GRANTED for Defendant Stolle on Claim Two (b).

Gray also fails to state a claim for relief under the Eighth Amendment. "It is well settled that jails may provide space for indoor exercise and recreation as an alternative to outdoor recreational facilities, absent medical evidence demonstrating a need for outdoor exercise." *Jones v. Kelly*, No. 89–6651, 1990 WL 33936, at *1 (4th Cir. Mar. 8, 1990) (citations omitted). The provision of indoor recreation space where Gray admits inmates "are permitted to walk in circles for approximately 3–4 hours daily" (Pl's Opp'n Mem. 4) belies any claim that Defendant Stolle was deliberately indifferent to any substantial risk of harm to Gray. *See Engel v. Harris*, No. 3:09CV585, 2010 WL 5300888, at *4 (E.D. Va. Dec. 20, 2010) (citing *Brown v. Harris*, 240

---

[16] Gray claims that during his incarceration in the VBCC "he was housed in A or C Wing. In A Wing, inmates are allowed indoor or outdoor recreation for 30 minutes, at most twice a month. In C Wing inmates are permitted to walk in circles for approximately 3–4 hours daily." (Pl's Opp'n Mem. 4.)

F.3d 383, 389 (4th Cir. 2001)).  Because Defendant Stolle provides Gray with indoor recreational facilities and Gray fails to allege facts suggesting he sustained a constitutionally significant injury from limited outdoor exercise, Gray fails to state an Eighth Amendment claim. Accordingly, Claim Two (a) will be SUMMARILY DISMISSED.

### 3.   Denial of Law Library Access

In Claim Four, Gray contends that Defendant Stolle has denied him access to the law library in violation of Due Process.  Gray explains that "access to a law library is prohibited, [but] a request may be made for assistance–only if prisoner is working pro se." (Compl. ¶ 8.) Gray further states that "there is no assistance provided for legal research" and "assistance is limited to having copies made and receiving copies of legal material only if plaintiff already knows exactly what plaintiff needs and where to find it." (*Id.*)

The Constitution does not guarantee an inmate an adequate law library; rather, it guarantees a right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Because there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.*  Therefore, in order to establish a case of denial of access to the courts, a plaintiff must identify with specificity an actual injury to non-frivolous litigation. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).  Gray proffers no evidence of an injury to nonfrivolous litigation.  Accordingly, summary judgment will be GRANTED for Defendant Stolle on Claim Four.

### 4.   Denial of Table and Chair in Housing Unit

In Claim Five, Gray contends that on October 5, 2011 the VBCC moved him to "a day room approximately 18x20 ft., along with 16–18 other prisoners." (Compl. ¶ 7.)  Gray alleges that the men have beds but "there are no tables or seats, for eating and or writing." (*Id.*)  Gray

argues that he is "being punished in a cruel manner for having to either stand, or sit on the floor to eat" as he "has chronic arthritis and spurs on the spine." (*Id.*) Gray contends that Defendant Stolle's denial of a chair and table violates both the Eighth Amendment and due process. Defendant Stolle addresses this claim solely as an Eighth Amendment claim.

Gray fails to satisfy either the objective or subjective component for his Eighth Amendment claim. With respect to the objective component, Gray fails to demonstrate, as he must, that he sustained any injury, much less a serious or significant physical or emotional injury resulting from Defendant Stolle's denial of a table and chair in his housing unit. *Strickler*, 989 F.2d at 1381. Gray's general claims of pain, discomfort, mental anguish, and emotional stress fail to establish a sufficiently serious injury. *See id.* at 1381 n.9. Given that deficiency, Gray alleges no Eighth Amendment violation in Claim Five (a). *See Winslow v. Johnson*, No. 3:08CV184, 2009 WL 743437, at *4 (E.D. Va. Mar. 18, 2009) (dismissing plaintiff inmate's claims where no serious physical or emotional injury established).[17]

Gray also cannot establish the subjective component. Gray introduces insufficient evidence for a finder of fact to conclude that, by not providing a table and chair for eating and writing, Defendant Stolle knew of and disregarded a substantial risk of harm to Gray. *Farmer*, 511 U.S. at 837.[18] No evidence reflects that Defendant Stolle perceived a substantial risk of harm to Gray, much less, disregarded that risk. Accordingly, summary judgment will be GRANTED for Defendant Stolle on Claim Five (a).

---

[17] Gray cannot pursue a claim for monetary relief for any emotional harm because he failed to sustain any physical injury for his Eighth Amendment claims. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

[18] While Gray complains that he must sit on the floor or stand to eat or write, the Court fails to discern why Gray cannot sit on his bed to conduct such activities.

Gray also fails to state a claim for relief under the Due Process Clause of the Fourteenth Amendment. Gray's complaints about his assigned housing unit and the lack of a chair and table in his living space fail to present any allegations that plausibly suggest that this treatment poses an "'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Smith v. Thomas*, No. 3:10CV172–HEH, 2011 WL 4836233, at *2 (E.D. Va. Oct. 12, 2011) (quoting *Sandin*, 515 U.S. at 484)); *see also Beverati*, 120 F.3d at 504 (concluding that significantly more egregious conditions did not amount to atypical and significant hardship necessary to "implicate a liberty interest"). Accordingly, Gray fails to state a due process claim. Claim Five (b) will be SUMMARILY DISMISSED.

### 5. Nutritionally Inadequate and Cold Food

In Claim Seven, Gray contends that Defendants Beavers, CBM, and Stolle violated his Eighth and Fourteenth Amendment rights by serving cold food and food lacking in nutritional value. Gray contends that meals are never served "at or near the required safe serving temperature." (Compl. ¶ 6.) Specifically, Gray claims, "on Saturday and Sunday only two meals are served. Each of these breakfast meals come with two large square biscuits and two medium to large slices of cake. These being served to make up calorie count–not for nutrition." (*Id.*) Gray also complains that the trays of food leave the kitchen hot "and are put in other people['s] hands, . . . that leaves [Gray] feeling very insecure about the safety of the food being served." (*Id.*) On one occasion, Gray found a hair in his food tray, refused to eat the food, and was denied another food tray. (*Id.*) Finally, Gray complains that "as of July 1, 2011, Defendant Stolle changed food service vendors . . . . [and] there is a very clear and noticeable drop off in food quality. Milk is no longer served." (*Id.*)

Defendants explain that the food provided at the VBCC meets the nutritional standards set forth by the Recommended Daily Allowance (RDA) of the National Academy of Sciences,

14

providing 2700 calories a day. (Denis Aff. ¶ 3.)  Inmates on a no-red-meat or no-meat diet, receive meat and protein substitutes.  (*Id.*)  The food is prepared, held in a hot holding well at 165 degrees, and then placed on trays. (Denis Aff. ¶ 5.)  The food leaves the kitchen for distribution at the correct temperature. (*Id.*)  The Virginia Department of Health found that the VBCC met all food temperature requirements. (Denis Aff. ¶ 5; Mem. Supp. Mot. Summ. J. Ex 5, at 1.)  In response to Gray's incessant complaints, Carla Denis, the Assistant Director of CBM at the VBCC, personally inspected Gray's meal trays for six months to ensure he received the appropriate foods, in the correct amounts, and asked the CBM dieticians and Sheriff Stolle's representative, Corp. Beavers, to do the same.  (Denis Aff. ¶ 6.)  Denis also procured cottage cheese for Gray, at his request, although not a usual food service item.  (*Id.*)[19]

First, contrary to Gray's belief, prisoners enjoy no constitutional right to hot meals, *Smith*, 2011 WL 4836233, at *7 (citing *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992)), nor a right to foods prepared in a culinarily pleasing manner.  *See Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994).  Moreover, "[t]he fact that the food occasionally contains foreign objects . . . while unpleasant, does not amount to a constitutional deprivation." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (citations omitted); *accord Cartwright v. Woody*, No. 1:11cv1070 (JCC/JFA), 2012 WL 5866457, at *4 (E.D. Va. Nov. 19, 2012) (citing *Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974)).  Prisons are not required to provide, and prisoners cannot "expect, the 'amenities, conveniences and services of a good hotel.'" *Lewis v.*

---

[19] To counter the evidence put forth by Defendants, Gray swears in his declaration the food is never served hot (*see, e.g.,* Gray Decl. I, at 1), that he and other inmates believe the food is not healthy and nutritious and the portions are small (*see, e.g., id.* at 3; Pl's Opp'n Mem. Ex D–2, at 1–2).  However, whether Gray receives cold food or unhealthy or small portions are not at issue because Gray's allegations fail to state an Eighth Amendment violation as next discussed.

*W. Reg'l Jail*, No. 3:11–cv–01016, 2012 WL 3670393, at *11 (S.D. W.Va. July 24, 2012) (quoting *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)).

For his Eighth Amendment claim, Gray fails to satisfy either the objective or subjective component. Gray's claim amounts to no more than a "'routine discomfort [that] is part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler*, 989 F.2d at 1380 n.3 (quoting *Hudson*, 503 U.S. at 9) (some internal quotation marks omitted). With respect to the objective component, Gray fails to demonstrate, as he must, that he sustained any injury, much less a serious or significant physical or emotional injury resulting from the VBCC's provision of cold and allegedly unhealthy food. *Id.* at 1381. Gray fails to demonstrate that he lost weight, that he has suffered other adverse physical effects, or that his diet poses a substantial risk of serious harm to his person. *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999). Again, Gray's general claims of pain, discomfort, mental anguish and emotional stress fail to establish a sufficiently serious injury. *Lockamy v. Rodriguez*, 402 F. App'x 951, 951 (5th Cir. 2010) (finding a claim insufficient where the plaintiff "had not alleged specific physical harm, other than hunger pains" (citing *Berry*, 192 F.3d at 508)). Given that deficiency, Gray fails to establish an Eighth Amendment violation for Claim Seven.[20]   Accordingly, summary judgment will be GRANTED on Claim Seven (a) and (b).

---

[20] Gray also fails to introduce evidence sufficient for a finder of fact to conclude that Defendants knew of and disregarded a substantial risk of serious harm to Gray. *Farmer*, 511 U.S. at 837.   While Gray filed abundant complaints and grievances about the temperature, quality, and nutrition of the food he received, and claimed that the food posed a health risk, this evidence falls short of permitting the conclusion that his complaints placed Defendants on sufficient notice of an excessive risk to Gray's health or safety.   Instead, Defendants put forth evidence that health inspectors found the VBCC to be in compliance with food safety regulations. (Denis Aff. ¶ 5; Mem. Supp. Mot. Summ. J. Ex 5, at 1.)  Thus, Gray's complaints about dangerously low food temperatures are unfounded. Gray fails to establish that Defendants perceived a substantial risk of harm to Gray, much less, disregarded that risk.

### 6.   Denial of an Eye Exam and Corrective Lenses

In Claim Eight (a) and (b), Gray argues that Defendants Conmed and Stolle denied him an eye exam and corrective lenses in violation of the Eighth Amendment and Fourteenth Amendment. Gray explains: "On June 24, 2011, Plaintiff submitted a request for an eye exam . . . . The response [was] that equipment was not available and eyeglasses were available for purchase from Canteen." (Compl. ¶ 4.) Nurse Cartwright informed Gray "that once a fee was pre-paid, Plaintiff would have an appointment scheduled and [be] taken for an eye exam. An eyeglass information list was given to Plaintiff." (*Id.*) Gray explained to Cartwright that he had no money or family to pay for his eye exam or corrective lenses or glasses. (*Id.*) "Nurse Cartwright informed Plaintiff that the only other option was to purchase eyeglasses from Defendant Stolle's Canteen." (*Id.*) Gray swears that "[he has] been to sick call for headaches and blurred vision and sore eyes" and has been "charged . . . for any medication prescribed." (Gray Decl. II, at 1.)

In order to survive summary judgment for a claim under 42 U.S.C. § 1983, a plaintiff "must . . . 'affirmatively show[ ] that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Furthermore, "'[t]he doctrine of *respondeat superior* has no application under [§ 1983].'" *Id.* (quoting *Vinnedge*, 550 F.2d at 928). Gray must demonstrate that each defendant had "personal knowledge of and involvement in the alleged [constitutional] deprivation" to establish liability under § 1983. *Id.*

Gray bases his claim against Defendant Stolle on supervisory liability. (Compl. ¶ 27.) Gray fails to establish that Defendant Stolle had "personal knowledge of and involvement" in the alleged constitutional deprivation, *Wright*, 766 F.2d at 850, much less that Defendant Stolle knew of and disregarded an excessive risk of harm to Gray by failing to provide him with free

optometry services. *Strickler*, 989 F.2d at 1381 (4th Cir. 1993). Accordingly, summary judgment will be GRANTED for Defendant Stolle on Claims Eight (a) and (b).

Defendant Conmed asserts that due to the unavailability of *respondeat superior* liability in a § 1983 claim, Gray must demonstrate that a policy or custom of Conmed led to the deprivation of Gray's rights. (Mem. Supp. Mot. Summ. J. (ECF No 68) 4.) A private corporation, such as Conmed, "is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks*, 195 F.3d 715, 728 (4th Cir. 1999) (citations omitted). Gray fails to put forth evidence that the optometry policy of which he complains is Conmed's policy. Gray fails to establish that Conmed violated his Eighth Amendment rights. Accordingly, summary judgment will be GRANTED for Conmed on Claims Eight (a) and (b).

## C.     First Amendment Claim

In Claim Six (a), Gray contends that Defendants Beavers and Stolle violated his First Amendment rights by failing to provide him with his preferred religious diet.

To establish a claim, Gray must demonstrate that Defendants violated the Free Exercise Clause by imposing a substantial burden on the practice of his religion. *Lovelace v. Lee*, 472 F.3d 174, 186 (4th Cir. 2006). "Government officials impose a substantial burden on the free exercise of religion by 'put[ting] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Massenburg v. Adams*, No. 3:08cv106, 2011 WL 1740150, at *4 (E.D. Va. May 5, 2011) (alteration in original) (quoting *Lovelace*, 472 F.3d at 187) (some internal quotation marks omitted). Second, Gray must demonstrate that the restriction fails to further a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89–91 (1987) (setting forth four-part test for free exercise claim).

Gray explains that in July 2011, he requested "a religious (kosher) diet, as Plaintiff is studying Judaism." (Compl. ¶ 5.) Gray states that Corporal Beavers, the kitchen supervisor, and other individuals responding to Gray's requests for a religious diet informed Gray that the VBCC "[does] not recognize any specialty diets at this time." (*Id.*) Gray alleges that, "[o]n July 30, 2011, . . . it was announced that anyone wishing to sign-up for Ramadan had to do so by two p.m. Plaintiff signed-up and as of August 1, 2011 Plaintiff received a meal and a bag lunch (specialty meal) after sunset." (*Id.*)

Gray's First Amendment claim, as alleged, is weak, at best. He merely suggests that he is "studying" Judaism and desired a kosher religious diet. Within the same month as his request for a kosher diet, he also requested a Ramadan meal. Nevertheless, in her Motion for Summary Judgment, Defendant Beavers fails to articulate why the evidence put forth by Gray is insufficient with respect to establishing a First Amendment claim. Instead, Defendant Beavers recites the standard for a First Amendment free exercise claim and suggests that the record dispels Gray's First Amendment claim because Gray receives adequate nutrition.[21] Defendant Beavers fails to explain how the diet that Gray receives comports with Gray's vaguely asserted religious need for a kosher diet. Nor does Defendant Beavers explain why the VBCC willingly accommodated the religious needs of Muslim inmates by providing Ramadan diets when no "specialty diets" were recognized. Accordingly, Defendant Beavers's Motion for Summary Judgment on Claim Six (a) will be DENIED WITHOUT PREJUDICE.

Gray fails to demonstrate that Defendant Stolle violated his First Amendment rights. Gray bases his claims against Defendant Stolle solely on supervisory liability. (Compl. ¶ 20.) Gray fails to establish any personal involvement of Defendant Stolle in the deprivation of his

---

[21] For example, Defendant Beavers states "it is undisputed that plaintiff was originally on a no red meat diet and then, at his request, was switched to a no meat diet, both of which met the applicable standards and daily calories requirements." (Mem. Supp. Mot. Summ. J. 10.)

First Amendment rights. *See Wright*, 766 F.2d at 850. Accordingly, Defendant Stolle's Motion for Summary Judgment will be GRANTED for Claim Six (a).

**D.     Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To establish a violation of the Equal Protection Clause, Gray's allegations must demonstrate: (1) "that he has been treated differently from others with whom he is similarly situated"; and, (2) that the unequal treatment resulted from intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

In Claim Six (b), Gray argues that Defendants Beavers and Stolle violated his Fourteenth Amendment rights by denying Gray a kosher religious diet while providing other inmates with a religious diet for Ramadan. (Compl. ¶ 5.) In support of his claim he states that Corporal Beavers and other individuals responding to Gray's grievances, informed Gray that the VBCC "[does] not recognize any specialty diets at this time." (*Id.*) However, "[o]n July 30, 2011 . . . it was announced that anyone wishing to sign-up for Ramadan had to do so by two p.m. Plaintiff signed-up and as of August 1, 2011 Plaintiff received a meal and a bag lunch (specialty meal) after sunset." (*Id.*)

Gray fails to establish that other similarly situated inmates received specialty religious diets. At most, Gray establishes that inmates observing Ramadan received their food at the religiously prescribed time, after sunset. The evidence also establishes that the VBCC allowed Gray to partake in the available diet of his choosing. Gray fails to allege facts that suggest that the denial of a specialty kosher diet resulted from intentional discrimination. Accordingly, Claim Six (b) WILL BE SUMMARILY DISMISSED.

20

## V.    CONCLUSION

Defendants Stolle, Beavers, CBM, and Conmed's Motions for Summary Judgment will be GRANTED for Claims One (a) and (b), Two (b), Three (a) and (b), Four, Five (a), Seven (a) and (b), and Eight (a) and (b).   Defendant Stolle's Motion for Summary Judgment will be GRANTED for Claim Six (a).   Claims Two (a), Five (b), and Six (b) will be DISMISSED WITHOUT PREJUDICE.   Defendant Beavers's Motion for Summary Judgment as to Claim Six (a) will be DENIED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 8/16/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge