IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IRA GRAY,

    Plaintiff,

v.                                                   Civil Action No. **3:11CV546**

**KENNETH STOLLE,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Ira Gray, a Virginia prisoner proceeding *pro se*, filed this 42 U.S.C. § 1983[1] action in which he alleges Defendant Catharine Cartwright violated his rights under the Eighth,[2] and Fourteenth Amendments[3] during his incarceration in the Virginia Beach Correctional Center ("VBCC"). The action proceeds on Gray's Particularized Complaint ("Complaint"). (ECF No. 35.) The matter is before the Court on Defendant Cartwright's Motion to Dismiss. Defendant Cartwright provided appropriate *Roseboro*[4] notice. (ECF No. 81.) Despite the notice, Gray has not responded. The matter is ripe for disposition.

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. SUMMARY OF CLAIMS

Gray complains that by refusing to provide him with an eye exam and corrective lenses free of charge, Defendant Cartwright violated Gray's Eighth and Fourteenth Amendment rights. Gray seeks a preliminary and permanent injunction, "compensatory damages in the amount of $50,000 against each defendant jointly and severally" (Compl. ¶ 32),[5] and any additional relief the Court deems just, proper, and equitable. As discussed below, the Court finds that Gray's Eighth Amendment claim survives at the motion to dismiss stage.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41,

---

[5] The Court corrects the capitalization and spelling in the quotations from Gray's Complaint.

2

47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

To make out an Eighth Amendment claim, an inmate must allege facts that indicate "(1) that objectively the deprivation suffered or harm inflicted was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'"

3

*Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997) (stating same). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized

4

that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

"[S]ociety does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Moreover, "[i]t may not be seriously contended that any prisoner detained for however short a period is entitled to have all his needed elective medical care performed while in custody." *Kersh v. Bounds*, 501 F.2d 585, 589 (4th Cir. 1974).

Gray argues that Defendant Cartwright denied him an eye exam and corrective lenses in violation of the Eighth Amendment.[6] Gray explains: "On June 24, 2011, Plaintiff submitted a request for an eye exam . . . . The response [was] that equipment was not available and eyeglasses were available for purchase from Canteen." (Compl. ¶ 4.) Nurse Cartwright informed Gray "that once a fee was pre-paid, Plaintiff would have an appointment scheduled and [be] taken for an eye exam. An eyeglass information list was given to Plaintiff." (*Id.*) Gray explained to Cartwright that he had no money or family to pay for his eye exam or corrective lenses or glasses. (*Id.*) "Nurse Cartwright informed Plaintiff that the only other option was to purchase eyeglasses from Defendant Stolle's Canteen." (*Id.*)

---

[6] Although Gray references the Fourteenth Amendment Due Process Clause in his Complaint, "it is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater *substantive* protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Thus, Gray's substantive due process claims are subsumed within his claims that Defendant Cartwright violated the Eighth Amendment.

5

In Gray's later submissions to the Court, Gray provides more specific allegations that bolster his claim, which the Court appropriately considers here. *See Erickson v. Pardus*, 551 U.S. 89, 92–94 (2007). Gray explains that he experienced "headaches and blurry vision" from the lack of corrective eyewear. (Pl's Opp'n Mem. (ECF No. 75) 26.) He states that he "has to borrow other prisoner's reading glasses" to read "case law . . . in very small print." (*Id.* at 28.) Gray claims: "As Plaintiff is 56 yrs. old, I'm sure that this is not helpful for Plaintiff's failing eyesight." (*Id.*) Finally, Gray reports that he "has on occasion stumbled getting down from [the] top bunk and going up and down the stairs." (*Id.*)

While Gray's allegations against Defendant Cartwright are not strong, the Court finds the allegations sufficient to state a potentially viable claim of denial of adequate medical care under the Eighth Amendment at the motion to dismiss stage. *See Goodman v. Johnson*, No. 12–7990, 2013 WL 1849184, at *2 (4th Cir. May 3, 2013) (concluding doctors' failure to provide appropriate eyewear, which resulted in headaches, may state an Eighth Amendment claim).

## V. CONCLUSION

Accordingly, Defendant Cartwright's Motion to Dismiss (ECF No. 81) will be DENIED. An appropriate Order shall issue.

Date: 8/16/13
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge